## CONSULTING AGREEMENT

The parties hereby enter into the following Consulting Agreement ("Agreement"):

### RECITALS

Lisa Chi ("Contractor"), shall engage with ARHAUS, LLC ("ARHAUS"), to assist in support of the operations and business of ARHAUS and its merchant and products teams. Among other things, Contractor will help define the product and category growth strategy and will review product, merchandise, team, catalog, digital, and visual merchandising in the stores. Deliverables include the documentation of the 12-24-36 month roadmap; how to maximize business; and flowchart processes required to achieve results, along with cost analysis. Other duties may be assigned to Contractor at the discretion of ARHAUS.

A. ARHAUS desires to retain Lisa Chi as an independent, non-employee consultant. This agreement will begin on Monday, March 29, 2021 and end on Friday, June 25, 2021, or at the expiration of a five (5) business day notice to terminate by ARHAUS.

B. In consideration of the mutual covenants, promises, and obligations contained in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is mutually acknowledged, the parties hereby agree as follows:

### AGREEMENT

1. **Definition.** Throughout this Agreement, the term ARHAUS shall encompass the following:

    (a) ARHAUS, LLC, as well as any division thereof, subsidiary, affiliated entity, parent, or related entity;

    (b) Any current or former officer, director, trustee, agent, employee, representative, insurer, or employee benefit or welfare program or plan (including administrators, trustees, fiduciaries, and insurers of such program or plan) of ARHAUS.

2. **Consulting Services and Fee.**

Beginning on March 29, 2021 and ending on June 25, 2021 or at the expiration of a five (5) business day notice to terminate by ARHAUS (hereinafter "Consulting Period"), Contractor shall be an independent contractor of ARHAUS to provide consulting services for ARHAUS. The parties agree that Contractor will perform approximately forty (40) hours of Consulting Services each week of the Consulting Period, at least three days per week at ARHAUS' corporate offices in Boston Heights, Ohio. ARHAUS shall have no right to control or direct the details, manner, or means by which Contractor accomplishes the results required by performance of the Consulting Services. Contractor shall perform the Consulting Services in a professional manner, in accordance with ordinary business practices and with ARHAUS' best interests in mind. Contractor shall have no obligation to perform any work or service for ARHAUS other than the Consulting Services. Contractor shall provide ARHAUS and John Reed with reports concerning Contractor's performance of Consulting Services and communicate any plans, recommendations, or suggestions in at least weekly in-person meetings and/or regular conference or Zoom calls with John Reed.

In consideration for these Consulting Services, ARHAUS agrees to pay Contractor a Consulting Fee of $12,000.00 per week, payable biweekly beginning on April 2, 2021, for the prior week's work. For the first week of the Consulting Period, March 29, 2021 through April 2, 2021, Contractor shall be paid on April 2, 2021. Thereafter, payment of the Consulting Fee shall be made biweekly.

If this Agreement is terminated early, contractor shall be paid a pro-rated fee for the week in which the termination occurred, based on the number of days worked (as the numerator)

Contractor shall be permitted to use the Arhaus Wellness Clinic free of charge, when on-site at the corporate offices.

Contractor agrees to provide ARHAUS and ARHAUS with a completed IRS form W-9 and Vendor Information sheet. ARHAUS will issue an IRS Form 1099 form for all Consulting Fees paid to the Contractor. In the performance of the Consulting Services under this Agreement, Contractor may incur reasonable and customary business expenses for lodging and travel-related costs for travel to and from the ARHAUS corporate offices in Boston Heights, Ohio, which shall be reimbursed by ARHAUS provided Contractor submits appropriate documentation and paid receipts. Reimbursement of expenses shall be made and included along with the following week's Consulting Fee payment.

### 3. No Additional Sums Due.

Contractor acknowledges and agrees that the consideration and sums included in this Agreement are the total sums ever to be due to her from ARHAUS, and hereby relinquishes and waives any rights to other forms of payment or benefits under any other agreement between Contractor and ARHAUS, whether written, oral, express or implied.

### 4. Independent Contractor Status of Consultant.

The parties acknowledge and agree that Contractor will perform all Consulting Services hereunder as an independent contractor where the means, manner, and method of performing the above-referenced Consulting Services are within the exclusive control of Contractor. Contractor shall be solely and entirely responsible for Contractor's acts and/or omissions while engaged in the performance of Consulting Services on behalf of ARHAUS. Contractor shall have no right to bind ARHAUS or to transact any business on behalf of ARHAUS, unless specifically authorized in writing by ARHAUS or otherwise specified in this Agreement. Nothing contained in this Agreement shall be construed as creating an employer/employee relationship between ARHAUS and Contractor in relation to its services as an independent, non-employee consultant. The parties acknowledge and agree that Contractor shall receive no benefits from ARHAUS, either as an independent contractor or an employee, except as provided herein.

If Contractor is reclassified by a state or federal agency or court as an employee for tax or other purposes, Contractor shall become a non-benefit employee and will receive no benefits from ARHAUS, except those mandated by state or federal law, even if by the terms of the benefit plans or programs of ARHAUS in effect at the time of such reclassification Contractor would otherwise be eligible for such benefits.

Contractor shall indemnify and hold ARHAUS, its affiliates, and subsidiaries and their officers, directors, employees, agents, insurers, licensees, and assigns harmless from and against all loss, claim, liability, or damage to persons or property and any related costs and expenses, including, without limitation, court costs and reasonable attorneys' fees, arising directly or indirectly out of, or in any way related to the employee portion of any federal and state income taxes and withholdings assessed against ARHAUS as a result of a determinate by a state or federal agency or court that Contractor should be reclassified as an employee for tax purposes.

### 5. Confidentiality.

(a) Confidentiality of Agreement.

Contractor recognizes and understands the importance of maintaining each and every term of this Agreement, and the negotiations leading up to this Agreement, in a confidential manner. Contractor further understands that confidentiality is a material and critical aspect of this Agreement and is of paramount concern to all involved. Contractor agrees to keep the terms of this Agreement confidential (this includes both the Agreement itself, as well as any negotiations leading up to the execution of the Agreement).

Contractor further agrees that she will not disclose (and has not disclosed) any information concerning this Agreement and negotiations to anyone except his tax advisor, legal counsel, or anyone required by law to know the contents of the Agreement, *provided that* Contractor shall inform any of these specified persons that it is bound by a confidentiality covenant and prior to any such disclosure to any of such persons, require that such person agree to abide by the terms of such covenant and not disclose any information concerning the Agreement. Contractor agrees that, in the event she is compelled by court order or process to disclose any terms of this Agreement, she shall immediately notify the undersigned representative of ARHAUS in writing at least seven (7) days prior to the disclosure.

Contractor understands that a violation of this Paragraph 5 would cause irreparable harm to

5 or any parts thereof, Contractor shall pay not less than Five Thousand Dollars to and up to $5,000 for each violation. ARHAUS shall be entitled to injunctive relief in addition to any other form of legal and equitable relief provided for in this Agreement or otherwise appropriate. Contractor agrees that, in the event this provision is violated, the remainder of the Agreement shall remain in effect.

(b) Confidentiality of ARHAUS Information.

Contractor acknowledges that, in the course of its Consulting Services, she may obtain access to ARHAUS' confidential business and technical information, trade secrets and know-how (written and otherwise) which are proprietary to ARHAUS, including, without limitation, financial information, ideas, concepts, plans and prototypes, designs, vendor names/lists, customer lists, information, profiles, reports and services, together with analyses, compilations, studies or other documents prepared by ARHAUS or any of its affiliates, officers, directors, employees, agents or representatives (collectively, "Representatives") that contain or otherwise reflect such information (collectively, "Confidential Information").

ARHAUS agrees to disclose to Contractor certain items of Confidential Information, in a manner which will be sufficient, in ARHAUS' sole discretion, to carry out the purposes of this Agreement. Contractor agrees to limit dissemination of and access to the Confidential Information only to persons within Contractor's immediate organization, if any, who have a need for access to the Confidential Information solely for the above-described purposes provided that: (i) Contractor requires such persons to be bound by the terms of this agreement to the fullest extent as if they were parties hereto; and (ii) Contractor shall be responsible for any breach of this Agreement by such persons.

Contractor will use at least the same degree of care as Contractor uses with respect to its own similar information and in no case less than a reasonable degree of care to protect the Confidential Information and to prevent any use of Confidential Information not authorized in this Agreement.

Contractor agrees: (i) to hold said Confidential Information in confidence and not to disclose it to anyone in any manner except as expressly authorized herein; and (ii) not to use, directly or indirectly, the Confidential Information commercially for its own benefit or the benefit of anyone else, or for any purpose other than to complete the work required under this Agreement.

These obligations shall not apply to: (i) information which is or becomes part of the public domain without breach of the confidentiality obligations contained herein and is not otherwise a protectable trade secret; or (ii) information which is or becomes available to Contractor from a third party who is not in breach of an obligation of confidentiality to ARHAUS at the time of the disclosure to Contractor; (iii) information which is already in the possession of Contractor or is subsequently developed or discovered by Contractor without use of the Confidential Information; and (iv) information which Contractor is required to disclose by any applicable law or regulation, by any authorized administrative or governmental agency or pursuant to applicable law or regulation, by any authorized administrative or governmental agency or pursuant to applicable requirements of any self-regulatory organization; provided that Contractor will provide ARHAUS with prompt notice so that Contractor may seek a protective order or other appropriate remedy and/or waive Contractor's compliance with the provisions of this Agreement. If such protective order or other remedy is not obtained, or ARHAUS does not waive Contractor's compliance with the provisions of this Agreement, Contractor will furnish only that portion of ARHAUS' Confidential Information which is legally required, in the opinion of Contractor's counsel, and will exercise its best efforts to obtain a protective order or other reliable assurance that confidential treatment will be accorded the Confidential Information.

All disclosed non-public personal information ("NPI") shall be considered Confidential Information, and no NPI about ARHAUS' customers or employees is to be shared in any manner whatsoever from ARHAUS to Contractor pursuant to this Agreement. However, if the Contractor gains access to any NPI of ARHAUS, Contractor shall notify ARHAUS and delete from its systems and/or destroy the NPI, and provide ARHAUS with certification thereof. If NPI is shared pursuant to a subsequent agreement, Contractor will not use, store, or disclose NPI from ARHAUS (for any purpose except as described in this or subsequent agreements. Contractor will not violate any applicable privacy laws or regulations (collectively, "Privacy Laws").

6. **Non-Disparagement.**

statements of a purely personal or professional character of any current or former director, officer, or employee of ARHAUS or its affiliates.

### 7. Ownership and Return of Property.

All materials, notes, records, drawings, designs, inventions, improvements, developments, discoveries and trade secrets (collectively, "Inventions") conceived, made or discovered by Contractor, solely or in collaboration with others, during the period of this Agreement which relate in any manner to the business of ARHAUS that Contractor may be directed to undertake, investigate or experiment with, or which Contractor may become associated with in work, investigation or experimentation in the line of business of ARHAUS in performing the services hereunder, are the sole property of ARHAUS. Contractor will assign (or cause to be assigned) and does hereby assign fully to ARHAUS all Inventions and any copyrights, patent rights, mask work rights or other intellectual property rights relating thereto. To the extent allowed by law, all Inventions which constitute original works of authorship (solely or jointly with others) within the scope of and during the term hereof which qualify for protection by copyright are "works made for hire" as that term is defined in the United States Copyright Act.

### 8. Return of Property.

Contractor certifies and declares that she shall return, on or before the conclusion of the Consulting Period, to the custody of ARHAUS all Confidential Information, company property, and company documents—as well as any copies of proprietary information, company property, and company documents—in her possession. This return of property provision includes but is not limited to any writings, documents, contracts, records, files, recordings, correspondence, photographs, communications, summaries, data, notes, memoranda, disks, electronic data, business plans, price books, or any other source containing information which relates to or references ARHAUS or its affiliates and which was provided by ARHAUS or obtained as a result of its relationship with ARHAUS.

### 9. Severability.

The parties explicitly acknowledge and agree that the provisions of this Agreement are both reasonable and enforceable. However, the provisions of this Agreement are severable, and the invalidity of any one or more provisions shall not affect or limit the enforceability of the remaining provisions. Should any provision be held unenforceable for any reason, then such provision shall be enforced to the maximum extent permitted by law.

### 10. Additional Consulting.

After the expiration of the Consulting Period, in the event of, among other things, additional needs, it may be desirable to engage Contractor in further consulting work under such terms to be negotiated at that time.

### 11. Applicable Law and Jurisdiction.

This Agreement shall be interpreted, enforced, and governed under the internal laws of the state of Ohio. Moreover, while the parties do not contemplate any future disputes, Contractor agrees that any action or claim regarding this Agreement or otherwise brought against ARHAUS by or on behalf of Contractor, Contractor's agents, assigns, heirs, administrators, or executors shall be brought in Cleveland, Ohio. By signing this Agreement, Contractor expressly consents to personal jurisdiction in Ohio.

### 12. Nonwaiver.

The waiver by ARHAUS of a breach of any provision of this Agreement by Contractor shall not operate or be construed as a waiver of any subsequent breach by Contractor.

### 13. Complete Agreement.

This Agreement sets forth the complete agreement between the parties relating to the subject matter contained herein. Contractor acknowledges and agrees that, in executing this Agreement, she does not rely and has not relied upon any representations or statements not set forth herein made by ARHAUS with regard to the subject matter, basis, or effect of this Agreement or otherwise. Notwithstanding the foregoing, nothing in this Agreement is intended to or shall limit, supersede, nullify, or affect any other duty or

agreement or obligation.

**AGREED TO BY:**

_Lisa Chi_ 3/5/21
Lisa Chi                    ARHAUS, LLC.

_[signature]_

Contractor                  By: Dawn Phillipson, CFO

Date:                       Date: 3/5/2021

6