SABRINA L. SHADI, Bar No. 205405
*sshadi@bakerlaw.com*
CHRISTINA J. MOSER, Bar No. 199027
*cmoser@bakerlaw.com*
**BAKER & HOSTETLER LLP**
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA  90067-4301
Telephone:     310.820.8800
Facsimile:      310.820.8859

RUTH HARTMAN (*pro hac vice*)
*rhartman@bakerlaw.com*
**BAKER & HOSTETLER LLP**
127 Public Square, Suite 2000
Cleveland, OH 44114-1214
Telephone:     216.861.7309
Facsimile:      415.659.2601

SAFINA MOTIWALA, Bar No. 358668
*smotiwala@bakerlaw.com*
**BAKER & HOSTETLER LLP**
600 Montgomery Street, Suite 3100
San Francisco, CA 94111-2806
Telephone:     415.659.2600
Facsimile:      415.659.2601

*Attorneys for Plaintiff*
ARHAUS, LLC

**ILLOVSKY GATES & CALIA LLP**
Eugene Illovsky (State Bar No. 117892)
eugene@illovskygates.com
Kevin Calia (State Bar No. 227406)
kevin@illovskygates.com
Christopher Hales (State Bar No. 233349)
chris@illovskygates.com
1611 Telegraph Ave., Ste. 806
Oakland, CA 94612
Telephone: (415) 500-6640

*Attorneys for Defendant*
LISA CHI

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ARHAUS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>LISA CHI, an individual,<br><br>Defendant. | Case No.: 25-cv-06233-JD<br><br>[*Honorable James D. Donato*]<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER REGARDING THE PRODUCTION OF MACBOOK AND IPAD FORENSIC IMAGES** |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Plaintiff Arhaus, LLC ("**Plaintiff**" or "**Arhaus**") and Defendant Lisa Chi ("**Defendant**" or "**Ms. Chi**"), by and through their respective counsel, hereby stipulate and agree as follows:

WHEREAS, in or about May or June 2024, Arhaus issued its then-employee, Ms. Chi a MacBook (the "**Arhaus-issued MacBook**"); and in or about September 2024, Arhaus issued then-employee Ms. Chi an iPadPro (the "**Arhaus-issued iPad**") (together, the "**Arhaus-issued Devices**").

WHEREAS, on or around May 21, 2025, Ms. Chi retained Epiq eDiscovery Solutions ("**Epiq**") through counsel at Sheppard Mullin pursuant to a Legal Solutions Services Agreement (the "**Agreement**").

WHEREAS, Ms. Chi represents that on May 27, 2025, Epiq obtained access to the Arhaus-issued MacBook and Arhaus-issued iPad to generate forensic images of both devices ("**MacBook Image 1**" and "**iPad Image 1**") and then returned both devices to Ms. Chi.

WHEREAS, Ms. Chi represents that on May 29, 2025, she sent the Arhaus-issued MacBook and Arhaus-issued iPad by overnight mail to an Epiq facility in Phoenix, Arizona.

WHEREAS, Ms. Chi represents that on June 4, 2024, Epiq collected a second forensic image from the Arhaus-issued iPad ("**iPad Image 2**").

WHEREAS, Ms. Chi represents that on June 12 and June 27, 2025, Epiq collected two more forensic images of the Arhaus-issued MacBook ("**MacBook Image 2**" and "**MacBook Image 3**").

WHEREAS, Epiq returned the Arhaus-issued MacBook and Arhaus-issued iPad to Arhaus after their contents had been deleted by Epiq personnel, with the iPad being sent on or about June 25, and the MacBook being sent on or about July 28, 2025.

WHEREAS, Plaintiff and Defendant agree that MacBook Images 1-3 and iPad Images 1-2 are responsive to Plaintiff's First Requests for the Production of Documents, but they disagree about whether Plaintiff is entitled to review certain text messages (whether sent by SMS, iMessage, WhatsApp, or similar applications) sent or received by Ms. Chi (the "**Text Messages**") contained in MacBook Images 1-3, including text messages that Ms. Chi sent and received using her personal cell phone, copies of which were stored on the Arhaus-issued MacBook as a result of syncing of messages

2

across multiple Apple devices.  Specifically, Ms. Chi used the same Apple ID on her personal cell phone and Arhaus-issued Devices that resulted in this syncing of messages.

WHEREAS, Arhaus contends that it is entitled to access all contents of the Arhaus-issued MacBook and Arhaus-issued iPad, including the Text Messages, and that Ms. Chi had no expectation of privacy on her Arhaus-issued devices because the devices belong to Arhaus and, in connection to her employment with Arhaus, she agreed to the Associate Handbook providing "[a]ssociates should know that the Company has the right to and will monitor the use of its computer, telephone, and other equipment and systems, as well as any publicly accessible social media." *See* Dkt No. 40-4 at 37.

WHEREAS, in contrast Ms. Chi argues that she possesses privacy and privilege interests in her Text Messages, including but not limited to those sent or received using her personal cell phone, and that Arhaus does not have a right to review all such Text Messages (including messages with attorneys, her spouse, her children, and personal friends) because they were stored on an Arhaus-issued device as a result of syncing, and because the Arhaus Associate Handbook section quoted above was expressly focused on "Email, Internet, and Social Media" while saying nothing about text messages or syncing, such that Ms. Chi continued to retain a reasonable expectation of privacy. *See* Dkt. No. 40-4 at 36-39.

WHEREAS, Ms. Chi has already begun producing to Arhaus specific text messages collected from her personal cell phone that Arhaus requested for prioritized review and production according to specific date and participant criteria, and Ms. Chi has already provided a privilege log for redacted portions of a small number of text messages based on Ms. Chi's assertion of attorney-client privilege;

WHEREAS, in the interests of efficiency, the Parties agree to attempt to resolve the issue of whether Arhaus should have unlimited access to all of Ms. Chi's Text Messages contained on Arhaus-issued devices at a later date, and/or eventually raise it with the Court, while proceeding with the production of Chi's forensic images.

**NOW THEREFORE IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiff and Defendant, that:

JOINT STIPULATION AND [PROPOSED] ORDER REGARDING THE PRODUCTION OF MACBOOK AND IPAD
FORENSIC IMAGES
CASE NO. 25-CV-06233-JD

1. Within three (3) business days of the entry of the Court's Order approving this stipulation, Ms. Chi shall deliver copies of MacBook Images 1 and 2 and iPad Images 1 and 2 to Arhaus's designated forensic consultant.

2. The delivery of the images shall be subject to designation of each file contained as part of each forensic image as Confidential under the Protective Order (ECF 53).

3. Regarding MacBook Images 1 and 2, Ms. Chi's forensic consultant will supply Arhaus with a list of the file paths where Text Messages are located.  Arhaus and Arhaus's attorneys, agents, experts, and consultants agree not to access the Text Messages for any purpose, unless Arhaus obtains a court order pursuant to its reservation of rights in paragraph 5 below.

   a. Arhaus's designated forensic consultant will keep the full MacBook Images 1 and 2 for no more than 7 business days upon receipt of them and the Text Messages file paths solely (1) to convert the sparse (or sparse bundle) image format into DMG files; (2) to conduct a forensic validation of those images; (3) to create working copies of those images that exclude all Text Message data at the locations specified by Ms. Chi's forensic consultant; and (4) conduct quality control of the new working copies.

   b. Arhaus's designated forensic consultant shall then return the full MacBook Images 1 and 2 and duplicates (on encrypted media) of the newly created working copies, including any logs generated in connection with the creation of the working copies, to Ms. Chi's forensic consultant in person or by overnight delivery. Arhaus's designated forensic consultant shall simultaneously provide a declaration to Ms. Chi's counsel specifying that (1) they have not retained any copies of the Text Message data at the file paths specified by Ms. Chi's forensic consultant and (2) that they have not provided any copies of that Text Message data to Arhaus or its attorneys, agents, experts, or consultants.

4

    c.    Ms. Chi's forensic consultant will retain and preserve the full MacBook Images 1 and 2.

    d.    Should Arhaus's forensic consultant later need to re-examine the full MacBook Images 1 and 2 for purposes of validation or authenticity, the parties shall confer in good faith in an effort to agree on a procedure to accommodate such a request to re-examine the images and either party may raise the issue with the Court under the Court's discovery dispute procedures if they are unable to reach agreement.

    e.    Arhaus and Arhaus's forensic consultant may retain the working copies of MacBook Images 1 and 2 (that lack the Text Message data) for discovery purposes in this case, subject to the Confidential designation as stated in Paragraph 2 above.

4.    Ms. Chi has represented that there are no Text Messages in iPad Images 1 and 2, to the best of her knowledge.  However, Arhaus agrees to notify Ms. Chi's counsel if iPad Images 1 and 2 (or any locations on MacBook Images 1 and 2 not already identified in the list of file paths) do in fact have Text Messages and not to access them, including through any of its attorneys, agents, experts, or consultants, until the parties can raise the issue before the Court or resolve it themselves. Arhaus's forensic consultant will retain and preserve the full iPad Images 1 and 2.

5.    Without prejudice to any of its rights and solely to expedite production of the uncontested images, Arhaus agrees to defer the issue of whether it is entitled to unlimited access to all of the Text Messages on the Arhaus-issued MacBook, and to defer its request for a copy of MacBook Image 3, with the express understanding that Arhaus may seek a ruling from the Court that Arhaus should be permitted to access those materials.

6.    In so stipulating, Arhaus reserves any and all rights and potential claims relating to the Arhaus-issued MacBook and Arhaus-issued iPad, their data, information, images, and/or communications contained therein, and expressly reserves any and all rights and potential claims against Epiq, Ms. Chi, and any other third parties related to the same.

JOINT STIPULATION AND [PROPOSED] ORDER REGARDING THE PRODUCTION OF MACBOOK AND IPAD
FORENSIC IMAGES
CASE NO. 25-CV-06233-JD

7. In so stipulating, Ms. Chi reserves any and all rights and does not waive any argument, objection, or privilege, including spousal or attorney-client privilege, that may attach or relate to the Arhaus-issued MacBook and Arhaus-issued iPad and their data, information, images, or communications.

8. In so stipulating, Arhaus agrees that it will not argue that Ms. Chi's act of producing MacBook Images 1 and 2 and iPad Images 1 and 2 operates as a privilege waiver, and both parties agree that they each shall retain the same arguments about privilege they had before any production of the images.

9. Arhaus and Ms. Chi agree, in the event that Arhaus discovers information on the Arhaus-issued MacBook and Arhaus-issued iPad that is potentially protected by any privilege, including the spousal or attorney-client privilege, Arhaus will promptly notify Ms. Chi's counsel and abide by its professional and ethical duties to segregate such information and not to access it, including through any of its attorneys, agents, experts, or consultants, until the parties can raise the issue before the Court or resolve it themselves. At the same time, while segregating the potentially privileged material subject to Court resolution, Arhaus reserves all rights to argue that Ms. Chi has waived all privileges with respect to Text Messages stored in the memory of the Arhaus-issued MacBook or the Arhaus-issued iPad.

JOINT STIPULATION AND [PROPOSED] ORDER REGARDING THE PRODUCTION OF MACBOOK AND IPAD FORENSIC IMAGES
CASE NO. 25-CV-06233-JD

**IT IS SO STIPULATED.**

Dated:    June 25, 2026          **BAKER & HOSTETLER LLP**

By:      */s/ Ruth E. Hartman*
         RUTH HARTMAN (*Pro Hac Vice*)
         rhartman@bakerlaw.com

         *Attorneys for Plaintiff*
         ARHAUS, LLC


Dated:    June 25, 2026          **ILLOVSKY GATES & CALIA LLP**,

By:      */s/ Kevin Calia*
         Kevin Calia (State Bar No. 227406)
         kevin@illovskygates.com

         *Attorneys for Defendant*
         LISA CHI

7

## CIVIL LOCAL RULE 5-1(i)(3) ATTESTATION

Pursuant to Civil L.R. 5-1(i)(3), I attest that the content of this document is acceptable to counsel for Defendant and that I have obtained their authorization to affix their electronic signature to this document.

Dated: June 25, 2026                                    By:  */s/ Ruth E. Hartman*
                                                                   *RUTH HARTMAN*

JOINT STIPULATION AND [PROPOSED] ORDER REGARDING THE PRODUCTION OF MACBOOK AND IPAD
FORENSIC IMAGES
CASE NO. 25-CV-06233-JD

## [PROPOSED] ORDER

PURSUANT TO THE STIPULATION AND FINDING GOOD CAUSE, **IT IS SO ORDERED.**

DATED: June 30, 2026

_____

HONORABLE JAMES DONATO
UNITED STATES DISTRICT JUDGE

9

JOINT STIPULATION AND [PROPOSED] ORDER REGARDING THE PRODUCTION OF MACBOOK AND IPAD
FORENSIC IMAGES
CASE NO. 25-CV-06233-JD