# ILLOVSKY GATES & CALIA LLP

1611 TELEGRAPH AVENUE
SUITE 806
OAKLAND, CALIFORNIA 94612

illovskygates.com
o: 415.500.6640

July 2, 2026

**VIA ECF**

The Honorable James Donato
San Francisco Courthouse, Courtroom 11, 19th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

> Re:   *Arhaus, LLC v. Lisa Chi*, Case No. 25-cv-06233-JD
> Discovery Letter Requesting Order Quashing Third-Party Subpoena to AT&T

Dear Judge Donato:

Defendant Lisa Chi seeks an order quashing an overbroad third-party subpoena served on AT&T by plaintiff Arhaus, LLC seeking all phone and messaging logs for Ms. Chi's personal cell phone for a period of nearly 13 months. The parties have met and conferred in compliance with the Court's Standing Order for Discovery in Civil Cases and the Civil Local Rules.

## I.      Background

Ms. Chi is President and Co-Chief Merchandising & Creative Officer for RH. (Second Amended Complaint ("SAC"), ECF 40 at ¶ 69.) Before May 16, 2025, she worked at Arhaus, first as a consultant and then, from July 2021 until May 2025, as its Chief Merchandising Officer. (SAC ¶¶ 25-28.) RH and Arhaus are competitors in the home furnishings business.

Arhaus accuses Ms. Chi of misappropriating vaguely described vendor-related trade secrets when she moved to RH, as well as breaching a confidentiality agreement and a duty of loyalty. (SAC ¶¶ 88-124, 139-150.)

Ms. Chi was first contacted by RH about the possibility of considering rejoining RH on January 16, 2025, by text from senior RH executive Eri Chaya. Then, between March and May 2025, Ms. Chi had additional discussions with RH executives. Ms. Chi gave notice to Arhaus of her resignation on May 16, 2025.

## II.     Plaintiff Arhaus's two broad third-party subpoenas to AT&T

On June 8, 2026 – without contacting Ms. Chi's counsel to discuss any protective order or privacy issues – Arhaus served two broad third-party subpoenas on AT&T. The first subpoena, aimed at Ms. Chi's personal mobile phone, directs AT&T to produce "[c]all and text logs and any other message logs from December 1, 2024 to December 18, 2025 for all calls, texts and other transmissions to or from the phone number 510-[xxx-xxxx]." (Ex. A.)

Honorable James Donato
July 2, 2026
Page 2

The second subpoena, aimed at the mobile phone of RH's CEO, seeks "[c]all and text logs any [sic] other message logs from January 1, 2025 to December 18, 2025 for all calls, texts and other transmissions between" two pairs of cell phone numbers: (1) RH CEO Gary Friedman and Ms. Chi's personal cell phone; and (2) RH CEO Friedman and RH President Eri Chaya. (Ex. B.) During the meet and confer, Arhaus withdrew its request for logs of calls and texts with Ms. Chi under this subpoena because that request is duplicative of the request for logs of those same calls and texts in the broader subpoena directed at Ms. Chi's call and text logs.

On June 18, 2026, Ms. Chi demanded by letter that Arhaus withdraw both subpoenas. On June 22, and again on June 30, the parties met and conferred. Arhaus refuses to withdraw the subpoenas. Absent a filing seeking to quash the subpoenas, AT&T has stated that it will produce records in response to the subpoenas on Monday, July 6, 2026. AT&T will be given notice of this filing, and we understand that AT&T will then await a further ruling from the Court.

### III.     The subpoena to AT&T for Ms. Chi's call and text logs should be quashed

The subpoena for all of Ms. Chi's phone call and text message logs for nearly 13 months is wildly overbroad and intrusive. Ms. Chi frequently appears to have sent or received more than 100 text messages per day and thousands of text messages in a single month. Yet, Arhaus seeks a massive spreadsheet listing the times and phone numbers involved in *every call and text over 13 months*. Because the subpoena contains no limitation as to the identity of the other party to the communication, the requested logs will sweep in records of every call and text Ms. Chi made, sent, or received with family, friends, medical professionals, financial professionals, attorneys, and many others who are irrelevant to this litigation. And, because the disproportionate 13-month period covered by the subpoena extends well into Ms. Chi's time at RH, the requested logs could provide information about competitively sensitive calls she made while carrying out RH's business, if such calls were made or received on her personal cell phone as opposed to the separate cell phone (with a different phone number) issued to her by RH.

Arhaus's massive, unlimited request is not tied to what Arhaus really needs. Arhaus's allegations involve Ms. Chi's supposed contacts with vendors and the timing of Ms. Chi's recruitment to rejoin RH. As to Ms. Chi's alleged contacts with vendors, Ms. Chi's counsel offered to provide text message content (not just logs) for a reasonable list of vendors identified by their phone numbers (or names). Arhaus has provided a list of allegedly key vendors. After investigating vendors that Ms. Chi contacted while working for Arhaus and searching a database of Ms. Chi's text messages, Ms. Chi's counsel identified 14 names and phone numbers associated with contacts at allegedly key vendors. Ms. Chi's counsel invited Arhaus's counsel to make additions to the list or to discuss search criteria to identify additional names and numbers from the database. Arhaus's counsel refused to engage and insisted they should be able to obtain logs of every call and text unless Ms. Chi would identify all the numbers that should be excluded from the logs. Excluding all the irrelevant numbers is unworkable here, however, given the volume of

2

Honorable James Donato
July 2, 2026
Page 3

texts and calls. Ms. Chi's counsel is working to produce text messages for the identified contacts. If there is any further need for call or text logs to supplement the production of actual text messages, the request for any such logs should be tailored to a reasonable list of vendors that are potentially at issue, not every phone number that Ms. Chi called or texted over 13 months.

As for Ms. Chi's recruitment to rejoin RH, Ms. Chi has already provided the content of text messages with four key executives from RH identified by Arhaus in the period leading up to her resignation from Arhaus. This includes RH CEO Gary Friedman and RH President Eri Chaya, whose RH cell phone numbers are the subject of the second subpoena to AT&T. If there is any further need for call or text logs to supplement the production of actual text messages, the request for any such logs should be tailored to communications between Ms. Chi and the key executives involved in the recruitment (and the timing for the recruitment effort between January and May 2025), rather than every phone number that Ms. Chi called or texted over 13 months.

The overbroad subpoena should therefore be quashed. *See, e.g., SGII, Inc. v. Soda Chanda Suon*, 2021 WL 6752324, at *10 (C.D. Cal. Dec. 29, 2021) ("[A] demand for more than six months of telephone records is grossly overbroad, unduly burdensome, and disproportionate to the needs of the case"); *Morocho v. Stars Jewelry By the A Jeweler Corp.*, 345 F.R.D. 292, 294 (S.D.N.Y. 2024) (quashing subpoena to T-Mobile as "plainly overbroad and impermissible" and amounting to a "fishing expedition"); *Cabell v. Zorro Prods.*, Inc., 294 F.R.D. 604, 607-08 (W.D. Wash. 2013) (restrictions on third-party discovery may include requiring that confidential "commercial information" not be revealed); *City of San Jose v. JUM Glob.*, *LLC*, 2018 WL 4520981, at *3 (N.D. Cal. Sept. 21, 2018) (quashing a subpoena because the information sought was not relevant). Arhaus cannot show that its requests for massive and intrusive logs would yield relevant information, much less that the requests are proportional to the needs of this case.

Quashing the subpoena would also protect Ms. Chi's "inalienable" right of privacy, which is protected under Article I, Section 1 of the California Constitution. *See People v. Blair*, 25 Cal. 3d 640, 653-54 (1979) (Californians have a reasonable expectation of privacy in their call records). This Court should weigh these privacy interests in considering the proportionality and relevance of the records sought. *See Robinson v. Kia Motors Am., Inc.*, 2011 WL 2433369 (E.D. Cal. June 13, 2011); *A. Farber & Ptnrs., Inc. v. Garber*, 234 F.R.D. 186, 191 (C.D. Cal. 2006). Arhaus has not shown any need that would justify such a broad invasion of Ms. Chi's privacy interests here.

The Court should issue an order quashing Arhaus's third-party subpoena to AT&T or a protective order placing reasonable limits on the requests for Ms. Chi's call and text logs.

Respectfully submitted,

*/s/ Kevin Calia*_____
Kevin Calia
Attorneys for Defendant Lisa Chi

3