BakerHostetler

Baker&Hostetler LLP

Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114-1214

T 216.621.0200
F 216.696.0740
www.bakerlaw.com

Ruth E. Hartman
direct dial: 216.861.7309
rhartman@bakerlaw.com

Christina J. Moser
direct dial: 216.861.7818
cmoser@bakerlaw.com

September 2, 2026

**VIA ELECTRONIC FILING AND CHAMBERS COPIES**

Hon. James Donato
United States District Court
450 Golden Gate Avenue
San Francisco, CA 94102

*Re:* *Arhaus v. Chi*, Case No. 25-cv-06233-JD, Discovery Letter Brief Seeking Full Briefing on Spoliation and Rule 37 Sanctions

Dear Judge Donato:

Plaintiff Arhaus, LLC ("**Arhaus**") respectfully requests this Court schedule full briefing and an evidentiary hearing on whether Defendant Lisa Chi ("**Chi**") should be sanctioned for intentionally destroying the complete contents of two devices belonging to Arhaus: an Arhaus-issued MacBook and an Arhaus-issued iPad. (the "**Arhaus Devices**"). Arhaus conferred with Chi's counsel on Monday, August 31 but could not resolve the dispute.

After resigning from Arhaus, Chi deleted evidence on the Arhaus Devices despite repeated demands to return them. Her conduct undermined Arhaus' investigation into whether Chi shared confidential information with her new employer, Restoration Hardware, Inc. ("**RH**"), Arhaus' direct competitor. Instead of complying with her fiduciary and contractual duties, [redacted] Epiq proceeded to partially image the devices then deleted the contents, returning them to factory settings and erasing key metadata. Chi's intentional deletion merits sanctions pursuant to Rule 37(e) in the form of an adverse inference and monetary sanctions.

**Chi Fails to Return Her Arhaus MacBook and iPad and then Hires Epiq**

From July 2021 until mid-May 2025, Chi worked as a high-level executive at Arhaus. As a corporate officer, she was one of a handful of individuals entrusted to use Gmail for work, provided that Arhaus could monitor her treatment of confidential material on third-party servers. Dkt. 40-5. Starting in March 2025, Chi began extensive communications with the CEO of RH, Gary Friedman, while still employed

1 [redacted]

at Arhaus, speaking with him over 22 hours. She disclosed to him key topics discussed at a confidential May 15, 2025 Arhaus board meeting. The next day, she abruptly resigned to take a job at RH.

[redacted] Chi gave the Arhaus Devices to Epiq, a forensic vendor, who proceeded to make three digital copies of the Arhaus-issued MacBook and two digital copies of the Arhaus-issued iPad. (the "Images"). When Epiq captured the Images it overwrote and truncated key metadata, including the last accessed date for the files.[2] Epiq then deleted the contents of the Arhaus Devices, returning them to factory settings.[3]

Chi acknowledges she did not own the Arhaus Devices, but she nevertheless authorized Epiq to delete their contents. Chi's conduct constitutes serious violations of her duty to preserve ESI and her obligations under the Federal Rules of Civil Procedure. *Fast v. GoDaddy.com LLC*, 340 F.R.D. 326, 354-55 (D. Ariz. 2022).

**Chi Destroyed Key Metadata By Deleting The Contents of The Devices.**
Chi's deletion of the Arhaus Devices has significant consequences. When Arhaus finally obtained the Images in July 2026, it detected many problems, including: (1) hash values did not match; (2) the imaging process overwrote key metadata; (3) the imaging process truncated log files.

> **Hash Values** - Two of the four hash values[4] for the Images do not match those provided by Chi's counsel. Without matching hash values, Arhaus cannot confirm the Images are unaltered.
>
> **Overwrote Key Metadata** - The last accessed dates for files in the MacBook Images are the dates of imaging (5/27/2025 and 6/12/2025) so Arhaus cannot tell if Chi accessed Arhaus confidential files after she left on May 16, 2025. And, when the Arhaus Devices were wiped, all locally stored data was permanently erased, including the original dates if they still existed.
>
> **Truncation of System Logs** – Epiq's imaging process truncated system log files, replacing some of the original data in those logs instead of preserving it.

**Epiq's Destruction of File Access Metadata Is Sanctionable Under Rule 37.**
To show electronically stored information (ESI) was spoliated under Rule 37(e), the law requires: "(1) the 'electronically stored information' at issue 'should have been preserved in the anticipation or conduct of litigation'; (2) that information 'is lost because a party failed to take reasonable steps to preserve it' and (3) 'it cannot be restored or replaced through additional discovery.'" Rule 37(e). The duty to preserve evidence begins when litigation is pending or reasonably foreseeable. *First Fin. Sec., Inc. v. Freedom Equity Grp., LLC*, 2016 WL 5870218, at *3 (N.D. Cal. Oct. 7, 2016); *Matthew Enter. v. Chrysler Grp. LLC*, No. 13-cv-04236-BLF, 2016 WL 2957133, at *3 (N.D. Cal. May 23, 2016),

Destruction, alteration, or deletion of metadata may justify spoliation sanctions under this rule. *Praecipio Consulting, LLC v. Howser*, 2026 WL 2280769 at *7 (N.D. Calif. July 30, 2026)(imposing sanctions because metadata was irretrievably lost); *OmniGen Research v. Yongqiang Wang*, 321 F.R.D. 367 (D. Or. 2017)(intentional deletion of original file destroyed metadata and justified sanctions).

---

[2] Arhaus' computer forensics expert will testify regarding Chi's destruction of evidence.

[3] On May 19, 2025, Arhaus remotely wiped the contents of the iPad, but Chi continued to use it until May 28, 2025. Arhaus cannot determine whether she accessed Arhaus material during that time through her iCloud or Google Drive because the iPad's metadata is deleted.

[4] A hash value is a fixed size output generated by an algorithm and is commonly used as a digital fingerprint of a file.

Under Rule 37, two types of sanctions exist. *Praecipio Consulting, LLC,*2026 WL 2280769 at *3. First, if the loss of information has prejudiced a party, the court may order "measures no greater than necessary to cure the prejudice." Fed. R. Civ. P. 37(e)(1). Second, if an offending party "acted with the intent to deprive another party of the information's use in the litigation," the court may presume the information was adverse to the offending party, dismiss the case, or enter default judgment. Fed. R. Civ. P. 37(e)(2). The most severe sanctions—an adverse inference or dismissal—is available only if the court finds "that the party acted with the intent to deprive another party of the [lost] information for use in the litigation." Fed. R. Civ. P. 37(e)(2).

Importantly, Rule 37(e)(2) does not require prejudice as a prerequisite to an award of sanctions, including dismissal. *Jones v. Riot Hospitality Group*, 95 F.4th 730, 736 (9th Cir. 2024). However, prejudice certainly exists here, as Chi's destruction of evidence hampered Arhaus' ability to pursue its claims.

**<u>Chi's Destruction of Evidence Was Deliberate, In Anticipation of Litigation</u>**

The duty to preserve evidence begins when litigation is pending or reasonably foreseeable. *First Fin. Sec., Inc.* 2016 WL 5870218 at *3. Here, the deletion of the Arhaus Devices was deliberate and carried out while Chi was under an obligation to preserve it:

- Chi told this Court "Epiq was an eDiscovery vendor retained by counsel in anticipation of litigation" and all of Epiq's work product was "in anticipation of litigation." (Dkt. 83)
- Arhaus asked Chi on or about May 28, 2025 to "please confirm that Epi[q] has been instructed to leave the Arhaus devices as they received them so what is returned to Arhaus is the same as what Epi[q] received to perform their work."
- [redacted] This was not an issue of negligence or inadvertence.

Chi's destruction of evidence is willful spoliation. Chi was represented by counsel who participated in the deletion process. Chi's destruction of evidence "qualifies as willful spoliation" because she had "some notice that the documents were *potentially* relevant to the litigation before they were destroyed." *Leon v. IDX Systems Corp.*, 464 F.3d 951, 959 (9th Cir. 2006)(internal citations omitted). Arhaus repeatedly requested this information to investigate potential misappropriation; her own trial counsel contends many communications with Epiq are litigation work product.

The Ninth Circuit has rejected explanations attempting to justify deletions because the documents were "personal." *Leon,* 464 F.3d at 958 (affirming determination that party's conduct "amounted to willful spoliation because he knew he was under a duty to preserve all data on the laptop, but intentionally deleted many files and then wrote a program to write over deleted documents.").

**<u>Chi's Intentional Deletion Cannot Be Replaced By Additional Discovery</u>**

Here, by overwriting metadata and intentionally deleting the contents of the Arhaus Devices, Chi deprived Arhaus of key evidence in this case. While Chi may claim Arhaus still has access to some of the files contained on the MacBook and iPad, the metadata from the MacBook is irretrievable.

**<u>Conclusion</u>**

For the foregoing reasons, Arhaus requests full briefing and an evidentiary hearing to determine whether and how Chi should be sanctioned pursuant to Rule 37(e) for deletion of the contents and metadata on the Arhaus Devices.

Sincerely,

Baker & Hostetler LLP

Ruth E. Hartman Christina J. Moser