BakerHostetler

Baker&Hostetler LLP

Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114-1214

T 216.621.0200
F 216.696.0740
www.bakerlaw.com

Ruth E. Hartman
direct dial: 216.861.7309
rhartman@bakerlaw.com

Christina J. Moser
direct dial: 216.861.7818
cmoser@bakerlaw.com

October 1, 2026

**VIA ELECTRONIC FILING AND CHAMBERS COPIES**

Hon. James Donato
United States District Court
San Francisco, California

*Re:* ***Arhaus v. Chi*, Case No. 25-cv-06233-JD, Discovery Letter Brief Regarding Dkt No. 86**

Dear Judge Donato:

Plaintiff Arhaus, LLC (“**Arhaus”**) updates the Court regarding its August 24, 2026 Order (Dkt No. 86) which required the parties to “meet and confer by September 14, 2026, on the production of documents and information sufficient to disclose: (1) whether defendant Lisa Chi (“Chi”) accessed Arhaus files after May 16, 2025; and (2) the specific data and metadata Epiq deleted from the Arhaus devices it received from Chi.[1] If for some reason Chi believes these facts may be subject to privilege protections, she must prepare and serve a privilege log for each item of concern no later than September 21, 2026.”

The parties remain at an impasse, despite three conferrals on September 9, 11, and 28, 2026 and multiple emails. Chi failed to identify documents or information sufficient to disclose whether she accessed Arhaus files after May 16, 2025 (let alone which files). Further, Chi refuses to permit Arhaus to obtain documents from or depose a representative of Epiq who could testify about Chi’s access to Arhaus files. Dkt Nos. 83, 104. Given Chi’s stonewalling, Arhaus respectfully requests: (1) Arhaus be allowed to depose Epiq in advance of the October 29, 2026 hearing on spoliation (Dkt No. 103); (2) this Court compel Chi to immediately produce the documents identified herein over which Chi baselessly claims privilege as well as the file listings, metadata and logs associated with her iPhone images; and (3) this Court conduct an *in camera* review of the remaining unproduced, withheld and/or redacted Epiq-related documents, including documents within Epiq’s possession responsive to Arhaus’ subpoena, to determine whether the privilege is applicable.

**<u>The Untimely Revised Privilege Log Confirms Non-Privileged Epiq Material Withheld by Chi</u>:** Revised log entries confirm Chi’s attempt to obscure the withholding of non-privileged materials responsive to Arhaus’ discovery requests and relevant to the issues raised in the Court’s August 24 Order.

[1] Chi and Epiq also deleted Arhaus data from Chi’s iCloud and Google storage. It is possible that the image of Chi’s iPhone, which Chi refuses to produce, could contain metadata showing which Google and iCloud files were deleted (and/or accessed) and when.

Chi's initial privilege logs vaguely referenced attachments but failed to identify the author, recipient(s) or any independent basis for the assertion of privilege over them. After follow-up inquiries from Arhaus on September 8 and September 22, Chi provided a revised privilege log on September 23, 2026—two weeks after Arhaus' initial letter and two days after this Court's September 21, 2026 deadline.

Chi's belatedly served revised privilege log reveals the existence of highly pertinent information about Epiq's deletion of Arhaus data, including but not limited to Epiq's "Backup instructions" and an "Authorization Form" and Epiq spreadsheets. Further, Chi indiscriminately redacted all descriptions in the legal bills of her then-counsel coordinating Epiq's deletion efforts. The relevant narratives are below:

| September 23, 2026 Revised Privilege Log | | |
|---|---|---|
| **#** | **Original Description** | **Revised Description** |
| 8/21/2026 Entry No. 1[2] | Attachment to email communication regarding legal advice and work product concerning Epiq's forensic work on Ms. Chi's Arhaus-issued iPhone and iPad. | **Backup instructions** attached to email communication (CHI00011621) regarding legal advice and work product concerning Epiq's forensic work on Ms. Chi's personal device, accounts, and Arhaus-issued devices. |
| 8/21/2026 Entry No. 2 | Attachment to email communication regarding legal advice and work product concerning Epiq's forensic work on Ms. Chi's Arhaus-issued iPhone and iPad. | **Authorization form a**ttached to email communication (CHI00011621) regarding legal advice and work product concerning Epiq's forensic work on Ms. Chi's personal device, accounts, and Arhaus-issued devices. |
| 8/21/2026 Entry No. 18 | Attachment to email communication containing invoice reflecting legal advice and attorney work product regarding Epiq's work on Ms. Chi's Arhaus-issued iPhone and iPad. | **Law firm invoice** to client (attachment to item 17) reflecting legal advice and attorney work product regarding Epiq's forensic work on Ms. Chi's personal device, accounts, and Arhaus-issued devices. |
| 8/21/2026 Entry No. 21[3] | Attachment to email communication reflecting legal advice and attorney work product regarding Epiq's work on Ms. Chi's Arhaus-issued iPhone and iPad. | **Spreadsheet** attached to email communication (item 20) reflecting legal advice and attorney work product regarding Epiq's forensic work on Ms. Chi's personal devices, accounts, and Arhaus-issued devices. |
| 8/21/2026 Entry No. 25 | Email communication transmitting attachments reflecting legal advice regarding Epiq's work on Ms. Chi's Arhaus-issued iPhone and iPad. | Email communication transmitting attachments reflecting legal advice regarding Epiq's forensic work on Ms. Chi's personal device, accounts, and Arhaus-issued devices. |
| 8/21/2026 Entry No. 26 | Attachment to email communication containing invoice reflecting legal advice and attorney work product | **Law firm invoice** to client (attachment to email communication) containing invoice reflecting legal advice and attorney work |

[2] Based on the parties' meet and confer, Arhaus learned that the documents described in Entry Nos. 3 and 4 on Chi's log are purportedly duplicates of those in Entry Nos. 1 and 2. Arhaus moves for all documents at Entry Nos. 1-4 of the Revised Log.

[3] Arhaus learned the document described in Entry No. 23 is a purported duplicate of Entry No. 21. Arhaus moves for all documents at Entry Nos. 21 and 23 of the Revised Log.

| | | |
|---|---|---|
| | regarding Epiq's work on Ms. Chi's Arhaus-issued iPhone and iPad. | product regarding Epiq's forensic work on Ms. Chi's personal device, accounts, and Arhaus-issued devices. |

The material Chi is withholding does not qualify as protected by attorney-client privilege or constitute protectable work product. The logistics of data deletion are not legal advice nor do they involve legal strategy. *Guo Wengui v. Clark Hill, PLC*, 338 F.R.D. 7 (D.D.C. 2021) (finding digital forensics products did not qualify for attorney client or work product protections). Attachments consisting of backup instructions, authorization forms, transmittal emails, spreadsheets listing **Arhaus files** and legal invoices pertaining to access of the **Arhaus Devices** and/or **Arhaus files** are responsive to discovery Arhaus requested in March 2026, and cannot be considered privileged or redacted wholesale. *See, e.g.*, *Clarke v. Am. Com. Nat. Bank*, 974 F.2d 127, 130 (9th Cir. 1992) ("…attorney billing statements are not protected by the attorney-client privilege, and were therefore properly ordered disclosed…"). Ultimately, communications showing the commission of acts that resulted in deletion of Arhaus data and the unauthorized alteration of the Arhaus devices—a crime under California law (Cal. Penal Code §502)—are not privileged regardless of who was involved. Chi's indiscriminate privilege assertions are a continued attempt to undermine Arhaus' efforts to understand what Chi accessed and how Arhaus' data came to be deleted.

**Chi Blocks Discovery of Epiq Necessary to Confirm Her Post-May 16 Access of Arhaus Files:**
To support her defense, Chi selectively produced some Epiq reports while withholding others under the guise of privilege and work product protections. She deploys the protections as both a sword and a shield, "that is, to reveal a limited aspect of privileged communications in order to gain a tactical advantage in litigation." *Century Aluminum Co. v. AGCS Marine Ins. Co.*, 285 F.R.D. 468, 472 (N.D. Cal. 2012). One Epiq document Chi produced earlier in discovery was the Epiq Asset Report, which reveals Chi may have accessed Arhaus files after May 16, 2026. Specifically, an analysis of the Epiq Asset Report spreadsheet shows thousands of files accessed via iCloud after May 16, 2025, some of which include Arhaus files that were last *modified* on May 19 and 20, 2025. Whether that was due to technical steps taken or tools employed by Epiq or Chi's actions is something only Epiq can answer.[4]

The images of Chi's iPhone (which Chi refuses to produce) may contain metadata showing Chi's searches for and deletion of Arhaus files on her cloud accounts. The documents over which Chi is claiming privilege can shed further light on what work was done on which days.

**Conclusion:**
For the foregoing reasons, Arhaus respectfully requests: (1) Arhaus be allowed to depose Epiq in advance of the October 29, 2026 hearing; (2) this Court compel Chi to immediately produce the Epiq documents identified herein and the file listings, metadata and logs associated with her iPhone images; and (3) this Court conduct an *in camera* review of the remaining unproduced, withheld and/or redacted Epiq documents, including documents within Epiq's possession that are responsive to Arhaus' subpoena, to determine whether the privilege is applicable.

[4] Chi's privilege logs do not cover the internal Epiq documents related to the Chi project that are the subject of Arhaus' subpoena to Epiq and which Chi has instructed Epiq not to produce.

Sincerely,

Baker & Hostetler LLP

Ruth E. Hartman

Christina J. Moser